# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

**UNITED STATES OF AMERICA,**

          Plaintiff,

v.

**JOSE GUZMAN-SALAZAR and
CARLOS MARQUEZ-HERNANDEZ,**

          Defendants.

**MEMORANDUM DECISION
AND ORDER**

Case No. 2:13CR716 DAK

       This matter is before the court on a variety of motions related to the upcoming trial. On November 23, 2015, the court held a hearing on the motions that were pending at that time. At the hearing, the United States was represented by Vernon G. Stejskal. Defendant Jose Guzman-Salazar was represented by Michael J. Langford, and Defendant Carlos Marquez-Hernandez was represented by Bel-Ami J. de Montreaux. The motions addressed at the hearing were (1) Defendant Carlos Marquez-Hernandez's Motion to Determine James Issues;[1] (2) Defendant Carlos Marquez-Hernandez's Motion for Disclosure of Identity of the Confidential Sources;[2] (3) Defendant Marquez-Hernandez's Motion in Limine Re: Confidential Source Testimony; (4) Defendant Jose Guzman-Salazar's Motion for Disclosure of Promises of Leniency and Prior False Statements, and (5) Defendant Jose Guzman-Salazar's Motion to Sever.

---

[1] This motion was joined by Defendant Guzman-Salazar.  *See* Docket No. 131.

[2] This motion was joined by Defendant Guzman-Salazar.  *See* Docket No. 161.

Approximately two weeks prior to the hearing, a Superceding Indictment was filed, adding charges against Defendant Guzman-Salazar. Because of the Superceding Indictment, the court, during the hearing, granted the Defendants additional time to supplement their Motions to Sever to file a Motion to Bifurcate. Subsequently, each Defendant filed a supplemental Motion to Sever, and Defendant Guzman-Salazar filed a Motion to Bifurcate Counts. In addition, Defendant Guzman-Salazar recently filed a Motion to Compel Discovery.

The court has carefully considered the motions and memoranda submitted by the parties. Now being fully advised, the court renders the following Memorandum Decision and Order.

## DISCUSSION

At the November 2015 hearing, the parties agreed that the Motion in Limine Re: Confidential Source Testimony, Motion for Disclosure of Identity of the Confidential Sources, and Motion for Disclosure of Promises of Leniency and Prior False Statements are moot. The United States agreed to provide the information prior to trial. Recently, however, Defendant Guzman-Salazar filed a Motion to Compel Discovery, claiming that the United States had still not provided the information, and the March 21, 2016 trial is less than six weeks away. To the extent the United States has not provided the identity of the confidential informant, promises of leniency and prior false statements, and the relevant *Brady* and *Giglio* material, it must do so immediately.

The motions that remain at issue are (1) the Motion to Determine James Issues; (2) the motions to sever; and (3) the motion to bifurcate counts. The court will address each of these motions in turn.

*1. James Issues*

After Defendants filed a motion to determine the *James* issues, the United States made a factual proffer in support of its position that a conspiracy existed, that the defendants and declarants were members of the conspiracy, and that the coconspirator statements were made in furtherance of the conspiracy.[3]  The court finds that the evidence proffered sufficiently establishes the existence of a predicate conspiracy.  The proffered evidence also establishes that the indicted co-defendants and Nash, Hernandez, and "Gil" were all members of the conspiracy during the time period alleged in the indictment.  The statements summarized above were made by co-conspirators during the course of and in furtherance of the conspiracy.  Therefore each of the identified statements are admissible under the co-conspirator exception to the hearsay rule.

*2. Severance*

Each of the two remaining Defendants seeks to sever his own case into a separate proceeding, arguing that the facts of this case do not warrant joinder of Defendants.  Rule 8(b) of the Federal Rules of Civil Procedure permits joinder if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).  Here, in light of the conspiracy charge, the court finds that Defendants Marquez-Hernandez and Guzman-Salazar are alleged to have participated in the same act or transaction constituting an offense.[4]  Also, while this court may order the separate trials of counts, "if it appears that a defendant . . . is prejudiced by a

---

[3] *See* Docket No. 196 at 5-12.

[4] *See* United States' Memorandum in Opposition to the Motion, Docket No. 225 at 1-7.

joinder of offenses," Fed. R. Crim. P. 14(a), the court finds that neither defendant will be prejudiced by a joinder of offenses. Accordingly, the motions to sever are denied.

### 3. Bifurcation

Defendant Guzman-Salazar argues that Counts 5-8 of the Superseding Indictment, which allege a contract to kill a witness to the drug trafficking acts that are alleged in Counts 1-4, are of a different nature and character than those constituting the methamphetamine distribution conspiracy alleged in Counts 1-4.

Because, however, joinder of counts is aimed at promoting judicial economy, an important factor in determining whether seemingly disparate transactions are connected is whether evidence supporting separate counts sufficiently overlaps so that the same evidence would be admissible at separate trials if the counts were tried separately. *See United States v. Burkley*, 513 F.3d 1183 (10th Cir. 2008). In this case, the government contends that the motivation for the contract to kill the witness as alleged in Counts 5-8 of the Superseding Indictment is to prevent that witness from testifying against the Defendants as to the drug trafficking allegations contained in Counts 1-4. That motivation is identified by a handwritten note to a cooperating witness in which Guzman-Salazar references his trial date on Counts 1-4 and allegedly indicates that the job (the contract killing) must be accomplished before that trial date. That handwritten note and all other evidence of the contract to kill would be admissible in a separate trial of Counts 1-4 as showing a consciousness of guilt. *See*, *e.g.*, *United States v. Smith*, 629 F.2d 650 (10th Cir. 1980). Therefore, the court agrees with the United States that judicial economy is served by having that evidence presented only once at a trial of all charges. Mr. Marquez-Hernandez is not prejudiced by the joinder of the additional counts, as it is not

alleged that he took part in those offenses. Reasonable jurors, especially after being given proper instructions, will be able to separate their decision as to each defendant and as to each count in the Indictment. Thus, the Motion to Bifurcate is denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that

(1) Defendant Marquez-Hernandez's Motion in Limine Re: Confidential Source Testimony [Docket No. 195] is DENIED AS MOOT;

(2) Defendant Carlos Marquez-Hernandez's Motions to Determine James Issues [Docket Nos. 117, 179] are GRANTED in part and DENIED in part. They are granted to the extent they sought to have the court hold a hearing on the *James* issues, but denied to the extent they sought to exclude the alleged statements as hearsay;

(3) Defendant Jose Guzman-Salazar's Motion for Disclosure of Promises of Leniency and Prior False Statements [Docket No. 128] is DENIED AS MOOT;

(4) Defendant Carlos Marquez-Hernandez's Motion for Disclosure of Identity of the Confidential Sources [Docket No. 155] is DENIED AS MOOT;

(5) Defendant Jose Guzman-Salazar's Motion to Sever [Docket No. 159] is DENIED;

(6) Defendant Guzman-Salazar's Supplemental Motion to Sever [Docket No. 214] is DENIED;

(7) Defendant Guzman-Salazar's Motion to Bifurcate Counts [Docket No. 215] is DENIED;

(8) Defendant Marquez-Hernandez's Second Motion to Sever [Docket No. 226] is DENIED; and

(9) Defendant Guzman-Salazar's Motion to Compel [Docket No. 229] is GRANTED, and the United States is directed to provide the requested information immediately.

The court will issue a revised Trial Order setting forth deadlines pertaining to the March 21, 2016 trial.

DATED this 10th day of February, 2016.

*Dale A. Kimball*

DALE A. KIMBALL
United States District Judge