IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOSE REFUGIO GUZMAN-SALAZAR, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:13-CR-00716 <br><br> Judge Dale A. Kimball |

### INTRODUCTION

This matter is before the court on Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 292.) In his motion, Defendant requests that the court release him from custody due to his allegedly increased risk of a severe COVID-19 infection due to his asthma. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion with the court to reduce the defendant's term of imprisonment after the defendant has exhausted his administrative remedies with the Bureau of Prisons ("BOP"). *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019).

Pursuant to General Order 20-019, the United States filed an opposition to Defendant's Motion. (ECF No. 295.) After a few months without additional filings required by General Order 20-019, the court ordered the United States Probation Office to file its recommendation in this matter and ordered—or rather, permitted—Defendant and his counsel to file a Reply in Support of Defendant's Pro Se Motion for Compassionate Release. (ECF No. 299.) The Probation Office filed its report, recommending that the court deny Defendant's request for a reduction in his sentence. (ECF No. 302). Since the court's order on November 16, 2020, Defendant has

requested, and the court has granted, four Stipulated Motions for Extension of Time to File a Response or Reply. (ECF No. 304–10.) The most recent extension gave Defendant until March 24, 2021, to file a response. (ECF No. 310.) Defendant missed that deadline. Thus, the court issues the following Memorandum Decision and Order based on the filings before the court at this time.

## DISCUSSION

On June 9, 2016, Defendant pleaded guilty to Conspiracy to Distribute 500 Grams or More of Methamphetamine (a violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)) and Traveling in Interstate Commerce in the Commission of Murder for Hire (a violation of 18 U.S.C. § 1958(a)). (ECF No. 279.) The court sentenced Defendant to 180 months of imprisonment, with a 60-month term of supervised release. (ECF No. 279.) As of February 22, 2021, Defendant has served seven years and 10 days of his sentence (53.7% of his statutory term and 46.9% of his full term). (ECF No. 302-1 at 6 (sealed).)

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. As the movant, Defendant bears the burden of establishing that he is eligible for the requested sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014). The court finds that Defendant has failed to meet his burden for two reasons: (I) Defendant failed to establish "extraordinary and compelling" reasons to justify a reduction in his sentence; and (II) Defendant failed to establish that he will not pose a threat to the community if the court grants his request for a reduction in his sentence.

I.      **Extraordinary & Compelling**

Under 18 U.S.C. § 3582(c)(1)(A)(i) a court may modify a term of imprisonment "after considering the factors set forth in § 3553(a) to the extent they are applicable, if it finds that —(i) extraordinary and compelling circumstances warrant a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission defines "extraordinary and compelling" reasons to include certain specified categories of medical conditions. U.S. SENT. GUIDELINES § 1B1.13, cmt. n.1(A). Specifically, the Sentencing Guidelines provide that the defendant must suffer from a terminal illness or a "serious medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* In this case, Defendant argues that his asthma puts him at "high risk" for a severe reaction to a COVID-19 infection. The court disagrees for three reasons.

First, the CDC has stated that people with asthma "**might be at an increased risk** for severe illness from the virus that causes COVID-19."[1] The possibility of having an increased risk of a severe infection does not satisfy the "extraordinary or compelling" standard to warrant a reduction in Defendant's sentence. Second, Defendant has already contracted COVID-19, was generally asymptomatic, and has since fully recovered. Third, FCI Big Spring in Texas currently has only 11 confirmed active cases (11 staff). Any one of these three reasons is likely sufficient alone to find that Defendants circumstances do not satisfy the extraordinary or compelling

---

[1] U.S. CENTER FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, (Feb. 3, 2021). https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (emphasis in original).

standard. Considering all three of these facts together, however, shows that Defendant clearly has not satisfied this standard. Accordingly, the court finds that Defendant's motion fails on this point.

## II.   Threat to Community

Under the Sentencing Guidelines, a court can only grant a reduction in sentence if it determines that the defendant "is not a danger to the safety of any other person or to the community." U.S. SENT. GUIDELINES § 1B1.13(2). Even assuming that Defendant's health condition satisfies the extraordinary and compelling criteria, Defendant has not demonstrated he would not be a threat to the community if the court granted a reduction in his sentence. In fact, Defendant did not even attempt to address this requirement in his motion. (ECF No. 292.) There are many reasons that the court could use to show that Defendant poses a threat to the community. The court, however, only need to look at Defendant's guilty plea for *Traveling in Interstate Commerce in the Commission of Murder for Hire* as evidence of the potential danger Defendant poses to the community. After Defendant's indictment and arrest, he attempted the hire someone to kill a potential witness in the case, along with the witness's wife and children. This attempt to kill the witness and the witness's family was real and credible. Thus, the court finds that Defendant has failed to show that he would not be a threat to the community if released early.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release (ECF No. 292) is DENIED.

DATED this 5th day of April, 2021.

BY THE COURT:

DALE A. KIMBALL
United States District Judge